UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRETT PERLOFF<br><br>Plaintiff,<br><br>-against-<br><br>SOMO AUDIENCE CORP., ROBERT MANOFF, and TODD HOUCK,<br><br>Defendants. | Civil Action<br><br>No. 2:19-CV-09172<br><br>**ANSWER** |

SoMo Audience Corp. ("SoMo"), Robert Manoff ("Manoff"), and Todd Houck ("Houck")(collectively "Defendants"), by and through their attorneys, answer the Complaint filed by Plaintiff Brett Perloff ("Perloff" or "Plaintiff") as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore deny them.

2. Defendants admit that they are citizens of New Jersey. The remaining allegations of Paragraph 2 are legal conclusions requiring no response from Defendants.

3. The allegations of Paragraph 3 are legal conclusions requiring no response from Defendants.

4. Defendants lack sufficient knowledge or information regarding the allegations of Paragraph 4 of the Complaint to admit or deny and, on that basis, deny each and every other allegation contained there.

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions and require no response from Defendants.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions and require no response from Defendants.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint except admit that Defendant Manoff is the Chief Executive Officer of Defendant SoMo Audience Corp. ("SoMo") and along with Defendant Houck, has substantial input into SoMo's business decisions, including final personnel decisions.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions and require no response from Defendants.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Defendant Houck is an adult citizen and resident of New Jersey with a principal place of business at 18 Bank Street, Suite 206, Summit, New Jersey 07901.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint except admit that Defendant Houck is the Chief Operating Officer of SoMo and along with Defendant Manoff, has substantial input into SoMo's business decisions, including final personnel decisions.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions and require no response from Defendants.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint

except admit that Defendant SoMo offered Plaintiff a position as Director of Business Development with a $35,000 annual salary and a monthly commission of 5% of ad sales that Plaintiff generated for Defendant SoMo.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint except admit that, in or around December 2013, SoMo changed Plaintiff's role in the company to overseeing SoMo's ad marketplace and offered to increase Plaintiff's salary to $45,000 plus a monthly commission of 2% gross revenue generated for SoMo's ad marketplace.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint except admit that Defendant SoMo changed Plaintiff's job title to Vice President, Programmatic in 2014.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, but admit that Plaintiff oversaw Defendant SoMo's digital advertising universe.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint except admit that Defendant SoMo offered to increase Plaintiff's annual salary to $75,000 plus monthly commission of 2% of gross revenue generated for Defendant SoMo's ad marketplace.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint except admit that, through in or around 2017, SoMo paid Plaintiff's commissions within sixty

(60) days of the end of each month.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint except admit that, in or around 2017, SoMo informed Plaintiff that it would begin paying Plaintiff's monthly commissions within ninety (90) days of the end of each month.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint except admit that, in or around January 2018, SoMo increased Plaintiff's annual salary from $75,000 to $150,000 and cut Plaintiff's monthly commission to 1% of gross revenue generated by SoMo's ad marketplace.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint except admit that Plaintiff accepted the changes in his salary and commission structure.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint except admit that Plaintiff raised his claim that SoMo had not paid him the proper compensation to Defendant Manoff.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint except admit that SoMo, through Defendants Manoff and Houck, provided an annual performance review on or about December 18, 2018 at which they told Plaintiff that his performance did not merit a discretionary bonus and that they would look into his claim that he had been improperly compensated.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint except admit that Plaintiff sent an email to Defendants Manoff and Houck on or about December 20, 2018 again raising his claim that Plaintiff had been improperly compensated, to which they did not immediately respond.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint except admit that SoMo would pay Plaintiff outstanding commissions if any become due.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**COUNT I**

50. Defendants repeat and reallege their responses to the allegations appearing in Paragraphs 1 – 49 as if fully set forth herein.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint except admit that SoMo offered Plaintiff a position as Director of Business Development with a $35,000 annual salary and a monthly commission of 5% of ad sales that Plaintiff generated for Defendant SoMo.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint are legal conclusions

and require no response from Defendants.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint except admit that SoMo increased Plaintiff's annual salary from $75,000 to $150,000 and cut Plaintiff's monthly commission to 1% of gross revenue generated for SoMo's ad marketplace in or around February 2018.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint except admit that Plaintiff accepted the changes to his salary and commission structure.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

**COUNT II**

63. Defendants repeat and reallege their responses to the allegations appearing in Paragraphs 1 – 62 as if fully set forth herein.

64. Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint except Defendants admit that SoMo increased Plaintiff's annual salary from $75,000 to $150,000

and cut Plaintiff's monthly commission to 1% of gross revenue generated for SoMo's ad marketplace in or around February 2018.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

**COUNT III**

73. Defendants repeat and reallege their responses to the allegations appearing in Paragraphs 1 – 72 as if fully set forth herein.

74. The allegations contained in Paragraph 74 of the Complaint are legal conclusions and require no response from Defendants.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint except Defendants admit that, in or around July 2013, SoMo offered Plaintiff a position as Director of Business Development with a $35,000 annual salary and a monthly commission of 5% of ad sales that Plaintiff generated for Defendant SoMo.

76. Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint except Defendants admit that SoMo increased Plaintiff's annual salary from $75,000 to $150,000 and cut Plaintiff's monthly commission to 1% of gross revenue generated for SoMo's ad marketplace in or around February 2018.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint

except Defendants admit that Plaintiff accepted the changes to his salary and commission structure.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. The allegations contained in Paragraph 83 of the Complaint are legal conclusions and require no response from Defendants.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

88. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

89. Plaintiff's second count for unjust enrichment is duplicative of his first count for breach of contract.

### Third Affirmative Defense

90. Plaintiff has breached his contractual obligations owed to Defendants by soliciting SoMo's customers and disclosing its confidential information and is therefore barred from the relief he seeks.

### Fourth Affirmative Defense

91. Defendants repeat and reallege their responses to the allegations appearing in

Paragraph 90 as if fully set forth herein.

92. Plaintiff's unclean hands in having violated the duties he owed Defendants bar him from obtaining the relief he seeks.

**Fifth Affirmative Defense**

93. Defendants repeat and reallege their responses to the allegations appearing in Paragraphs 90 and 92 as if fully set forth herein.

94. By virtue of his violation of the duties he owed Defendants, Plaintiff is estopped from the relief he seeks.

**JURY DEMAND**

Defendants hereby demand a jury to try all claims triable by jury.

Dated: New York, New York
June 7, 2019

FEDER KASZOVITZ LLP

By: ____________________
Bruce Robins, Esq.
845 Third Avenue, 11 FL
New York, New York 10022

Attorneys for Defendants